**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| INFOGROUP, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | Civil Action No. _____ |
| v. § | |
| § | |
| AFFORDABLE MARKETING LISTS, LLC, § | |
| § | |
| *Defendant*. § | |

## INDEX OF STATE COURT DOCUMENTS

| TAB | DOCUMENT | DATE |
|:---:|:---:|:---:|
| 1 | State Court Docket Sheet | |
| 2 | Plaintiff's Original Petition | April 12, 2016 |
| 3 | Issue Citation | April 12, 2016 |

# TAB

# 1

# DC-16-04220 - INFOGROUP, INC. vs. AFFORDABLE MARKETING LISTS, LLC

Case Number: DC-16-04220
File Date: 04/12/2016
Case Status: OPEN

Court: 14th District Court
Case Type: OTHER (CIVIL)

PLAINTIFF : INFOGROUP, INC.
Address:
  1900 West Loop South, Suite 1000
  Houston TX 77027

Active Attorneys
  Lead Attorney:
    **DE SANTOS, LAURA**
    Retained
    Work Phone: 713-961-3366
    Fax Phone: 713-961-3938

DEFENDANT : AFFORDABLE MARKETING LISTS, LLC
Address:
  BY SERVING ITS PRESIDENT JOSHUA STACY
  301 MAPLE AVE., SUITE 220C
  VIENNA VA 22180

### 04/12/2016 NEW CASE FILED (OCA) - CIVIL
### 04/12/2016 ORIGINAL PETITION
  Plaintiff's Original Petition
  Comment: Plaintiff's Original Petition
### 04/12/2016 ISSUE CITATION COMM OF INS OR SOS
  ISSUE CITATION COMM OF INS OR SOS
### 04/14/2016 CITATION SOS/COI/COH/HAG
  Anticipated Server: MAIL         Anticipated Method:
  Comment: SOS MAIL ATTY/AB

INFOGROUP, INC.
  Total Financial Assessment                                      $313.91
  Total Payments and Credits                                      $313.91

  4/13/2016   Transaction Assessment                              $313.91

  4/13/2016   CREDIT CARD - TEXFILE (DC)   Receipt # 23005-2016-DCLK   INFOGROUP, INC.   ($313.91)

Plaintiff's Original Petition
ISSUE CITATION COMM OF INS OR SOS

# TAB

# 2

1 SOS-MAIL ATTY  Case 3:16-cv-01077-G   Document 1-3   Filed 04/20/16   Page 5 of 14   PageID 14

FILED
DALLAS COUNTY
4/12/2016 5:06:42 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

CAUSE NO. DC-16-04220

| | | |
|---|---|---|
| INFOGROUP, INC. | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| AFFORDABLE MARKETING LISTS, LLC | § | A-14TH ____ JUDICIAL DISTRICT |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Infogroup Inc. files its Original Petition against Defendant Affordable Marketing Lists, LLC, and would show:

### I. INTRODUCTION

1. This suit involves Infogroup's competitor's misappropriation of Infogroup's proprietary and confidential information. Following such misappropriation, the competitor marketed and sold Infogroup's proprietary and confidential information to third parties as its own and, when suiting the competitor's needs, identified Infogroup as the source of the information, both without Infogroup's knowledge or consent, nor compensation to Infogroup. This suit seeks injunctive and other relief against Defendant. Infogroup also seeks the return of its confidential information that Defendant misappropriated.

### II. PARTIES

2. Infogroup is a Delaware corporation that conducts business in Texas and has its corporate office in Dallas, Texas.

3. Affordable Marketing Lists, LLC is a Virginia company that does business in Texas and may be served with process through the Texas Secretary of State via its President, Joshua Stacy, at 301 Maple Avenue, Suite 220C, Vienna, Virginia 22180.

### III. JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because Defendant transacts business in this state, has caused tortious injury through acts directed towards citizens of this state, and has sufficient minimum contacts with Texas to afford the Court a bases for the exercise of personal jurisdiction.

5. Venue is proper in this county because this is the county where all of a substantial part of the events giving rise to the claims at issue occurred and because Plaintiff maintains its corporate office in Dallas, Texas.

### IV. DISCOVERY AND RULE 47 STATEMENTS

6. Discovery should be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

7. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary damages between $100,000 and $200,000, and injunctive relief.

### V. FACTS

8. Infogroup collects, combines, and analyzes business and consumer information, and marketing services for sales, marketing and business professionals around the world. Infogroup's data and marketing solutions help its customers, which include companies of all sizes, find new prospects, deepen relationships with existing customers and reach businesses and consumers at home, at work and online. Infogroup currently maintains demographic information on approximately 210 million consumers and 14 million U.S. businesses, 12 million executives, and more. Infogroup's products and services include data compilation, direct marketing, list management, sales leads, mailing lists, interactive marketing, email marketing, analytics, and data processing. Its business data is used by the top internet search engines.

9. Defendant owns and operates the websites www.affordablemarketinglists.com, www.listshack.com, and www.affordabledialer.com. Through these sites, Defendant advertises for sale a "comprehensive database of leads" to "salespeople, marketers, and small businesses." Defendant offers for sale access to its business and consumer database. On www.listshack.com, Defendant states that it acquires its data from "public sources as well as opt-in databases."

10. In September 2015, Infogroup learned that Defendant was advertising for sale, and was selling, Infogroup's confidential data and information, including some or all of Infogroup's business database. Infogroup also learned that Defendant told third-parties that the data it was selling was obtained from Infogroup and, in fact, constituted Infogroup's data.

11. Infogroup acquired a sample file of the data (approximately 47,000 records) advertised for sale and sold by Defendant. Infogroup compared Defendant's sample file to Infogroup's databases. That analysis determined that there was a near 100% match between Infogroup's February 2014 business database and the data sold by Defendant.

12. Based on information and belief, Defendant knowingly and intentionally sold Infogroup's data as its own to third-parties without Infogroup's authorization. Based on further information and belief, Defendant also wrongfully utilized Infogroup's name and goodwill to promote the Infogroup data it was selling and to advertise Defendant as a legitimate source of Infogroup data. Defendant is believed to have received revenue from third-parties as a result of its sale of Infogroup's data.

**FIRST CAUSE OF ACTION - CONVERSION**

13. Infogroup owns and has the right to possess its business and consumer databases, including but not limited to the February 2014 version of its business database, as well as the exclusive right to determine in its sole discretion any commercial uses of such databases by third

parties. At no time did Infogroup expressly or impliedly consent to Defendant's possession or use of Infogroup's database information. Defendant wrongfully acquired and exercised control and dominion over Infogroup's property, depriving Infogroup of its exclusive rights of possession and use of, and dominion over, the property to Infogroup's detriment. Infogroup demanded that Defendant return the property, but Defendant refused.

14. Infogroup suffered irreparable loss and injury as a proximate cause of Defendant's conversion of Infogroup's personal property.

### SECOND CAUSE OF ACTION - UNJUST ENRICHMENT

15. Defendant has received financial benefit as a result of its conversion and misappropriation of Infogroup's confidential and proprietary information. Defendant has received and retained the financial benefits, including improperly earned revenue, under circumstances where it would be inequitable and constitute a current and ongoing injury to Infogroup for Defendant to retain that revenue. The retention by Defendant of the financial benefits it has and continues to wrongfully receive and hold would be unjust under these circumstances.

### THIRD CAUSE OF ACTION - MISAPPROPRIATION OF TRADE SECRETS

16. Infogroup has developed, at great expense, and continues to maintain, a comprehensive database that contains a compilation of demographic and product-specific information for millions of customers and businesses. Infogroup has spent considerable time, effort and resources collecting and maintaining this database compilation. Infogroup's databases are economically valuable to Infogroup because they are not known or discoverable by proper means to any third party. Infogroup takes steps to protect its proprietary databases from

unauthorized access. Infogroup's consumer and business database compilations are trade secrets.

17. Defendant acquired Infogroup's confidential data and is using it to drive an unfair and improper commercial advantage over Infogroup. Defendant's acquisition of Infogroup's trade secrets constitutes a misappropriation of trade secrets.

18. As a result of Defendant's misappropriation, Infogroup has suffered actual damages. Unless enjoined, Defendant's misappropriation of trade secrets has caused and will continue to cause Infogroup irreparable harm for which no adequate remedy exists at law.

### VI. APPLICATION FOR TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

19. For the harm and loss suffered by Infogroup, and for the harm and loss that will continue into the future but for the intervention of the Court, Infogroup has no adequate remedy at law. Accordingly, Infogroup is entitled to injunctive relief against Defendant.

20. In order to prevent irreparable harm to Infogroup's legitimate and important business interests, Infogroup requests that the Court issue a temporary injunction order which immediately commands Defendant and anyone acting in concert with it:

    (a) Not to use, publish, or disclose any of Infogroup's confidential information, including the data in its February 2014 business database;

    (b) Return to Infogroup and any all documents or other items, whether in hard copy or electronic form, which Defendant acquired from Infogroup, including its customer lists and customer information.

21. In order to prevent irreparable harm to Infogroup's legitimate and important business interests, Infogroup requests that the Court issue a temporary injunction which immediately commands Defendant and anyone acting in concert with it to:

  (c) Cease directly or indirectly selling or advertising for sale products constituting Infogroup's confidential data and information, including holding itself out to the public as a legitimate source of Infogroup's confidential data and information.

  (d) Cease making disparaging, critical or otherwise detrimental comments to any person or entity, including Infogroup's customers and potential customers, regarding Infogroup's business, its products, services or programs provided to or to be provided by Infogroup.

  22. By misappropriating Infogroup's confidential and proprietary information to unlawfully compete against Infogroup, Defendant is in a position to use and continue to use Infogroup's confidential and proprietary information. If Infogroup's application is not granted, harm is imminent because Infogroup will be unable to maintain the value of its confidential information and trade secrets and Defendant will acquire or seek to acquire business relationships through unlawful means that it otherwise would not have without Defendant's conversion or misappropriation of confidential information from Infogroup.

  23. The harm that will result if the temporary injunction is not issued is irreparable because Infogroup's competitive advantage in the marketplace is greatly diminished.

  24. Infogroup will suffer injuries to its operations and goodwill that cannot be calculated in monetary damages or measured by any pecuniary standards. Infogroup has no adequate remedy at law for the damage threatened to be caused by Defendant's unlawful conduct. The damages Defendant has caused and threatened to cause to Plaintiff's operations, goodwill, and customer relations is extremely difficult to calculate, making damages as a sole remedy inadequate.

  25. Accordingly, Plaintiff requests that the court set its application for temporary injunction hearing, and after hearing, issue a temporary injunction against Defendant as outlined above.

## VII.   PRAYER

Wherefore, Infogroup, Inc. respectfully prays that the Court enter judgment against Defendant for the following relief:

a. a temporary injunction order as outlined above;

b. actual damages;

c. reasonable and necessary attorneys' fees and costs, as allowed by law;

d. pre judgment and post judgment interest; and

e. such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**GORDON & REES, LLP**

By:   */s/ Laura E. De Santos*
      Laura De Santos
      State Bar No. 00739612
      ldesantos@gordonrees.com
      Christopher M. Raney
      State Bar No. 24051228
      craney@gordonrees.com
      1900 West Loop South, Suite 1000
      Houston, TX 77027
      (713) 961-3366 (Telephone)
      (713) 961-3938 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

# TAB

# 3

FORM NO. 353-4—CITATION
THE STATE OF TEXAS

MAIL ATTY (SOS)

CITATION

No.: DC-16-04220

To:  AFFORDABLE MARKETING LISTS, LLC
BY SERVING THE SECRETARY OF STATE
CITATIONS UNIT - P.O. BOX 12079
AUSTIN, TX, 78711

INFOGROUP, INC.
VS.
AFFORDABLE MARKETING LISTS, LLC

ISSUED
ON THIS THE 14TH DAY OF APRIL, 2016

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
Your answer should be addressed to the clerk of the **14th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

Said **PLAINTIFF** being **INFOGROUP, INC.**

By **ARIEANA BAHENA**, Deputy

Filed in said Court 12th day of April, 2016 against
**AFFORDABLE MARKETING LISTS, LLC**

Attorney for : Plaintiff
**LAURA DE SANTOS
3D INTERNATION TOWER
1900 W LOOP S SUITE 1000
HOUSTON TX  77027**
713-961-3366

For suit, said suit being numbered **DC-16-04220** the nature of which demand is as follows:
Suit On **OTHER (CIVIL)** etc.
as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 14th day of April, 2016**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
ARIEANA BAHENA





**OFFICER'S RETURN
FOR INDIVIDUALS**

Cause No. DC-16-02778

Court No: 44th District Court

Style: MARIE HALBERT
vs.
SCOTTIE GROUP HALBERT, et al

Received this Citation the _____ day of _____, 20 ____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 ____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN
FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20 ____ at _____ o'clock ____ .M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 ____, at _____ o'clock ____ .M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said _____ a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness by my hand.

| For Serving Citation | $ _____ | Sheriff _____ |
| For Mileage | $ _____ | County of _____ |
| For Notary | $ _____ | State of _____ |
| Total Fees | $ _____ | By _____ |

(Must be verified if served outside the State of Texas)
State of _____
County of _____
Signed and sworn to me by the said _____ before me this _____ day of _____, 20 ____, to certify which witness my hand and seal of office.

Seal

_____
State & County of